NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3843

_____

UNITED STATES OF AMERICA,

v.

NIDAI TURAN,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 3:06-cr-247
District Judge Honorable William J. Nealon

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 12, 2010

Before: FUENTES, ALDISERT and ROTH, Circuit Judges.

(Opinion Filed: August 12, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Appellant Nidai Turan pled guilty to conspiracy to defraud the United States, in

violation of 18 U.S.C. § 371.  He appeals from his sentence, arguing that the District

Court did not adequately consider the 18 U.S.C § 3553(a) sentencing factors. We will affirm.[1]

## I.

We write primarily for the parties and discuss the facts only to the extent necessary to address the issues Turan raises on appeal. Turan and Beverly Ann Rebovich were apprehended by law enforcement officers while attempting to cash a genuine Treasury check using false identification. Rebovich told law enforcement agents that Turan had recruited her to commit bank fraud and had provided her with false identification and other assistance. She additionally implicated another conspirator, Edward Christilaw, who also implicated Turan.

Further investigation by law enforcement officers revealed that, among other things, Turan and his co-conspirators had rented mailboxes and office space in the name of fictitious businesses and had used false identification to open bank accounts with counterfeit checks. Under a proffer agreement, Turan admitted to law enforcement officials that he had recruited Rebovich and Christilaw to commit fraud and identified associates higher up in the conspiracy.

Turan pled guilty to one count of conspiracy to defraud the United States, in

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. §1291. We review the District Court's sentence for procedural and substantive reasonableness using an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

violation of 18 U.S.C. § 371. In calculating Turan's sentence under the United States Sentencing Guidelines, the Court began with a base offense level of six; added twelve levels for specific offense characteristics; reduced Turan's adjusted offense level by three levels for acceptance of responsibility; took into account his criminal history category, I; and granted a one-level downward departure for substantial assistance. Turan's sentencing range was 15-21 months' imprisonment, and the Court imposed a sentence of 17 months' imprisonment followed by 3 years of supervised release.

## II.

On appeal, Turan argues that the District Court inadequately considered the 18 U.S.C. § 3553(a) sentencing factors and imposed an excessively long sentence. We disagree.

In applying the United States Sentencing Guidelines, courts must: (1) calculate the defendant's sentence according to the Guidelines; (2) formally rule on both parties' motions and state on the record what departures are granted and how the departures affect the Guidelines calculation; and (3) exercise their discretion by considering the relevant factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Section 3553(a) directs courts to consider several factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and

"the need to avoid unwarranted sentence disparities." Section 3553(a)(2) requires courts to

> impose a sentence sufficient, but not greater than necessary, to comply with the [following] purposes[:]
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Turan argues that the sentencing court failed to adequately consider the 18 U.S.C. § 3553(a)(2)(A),(B), and (C) sentencing goals of just punishment, deterrence, and incapacitation. In particular, he argues that his acceptance of responsibility, personal history, and family relationships, including his care for a daughter undergoing medical treatment, indicate that the sentencing goals could be served by a shorter sentence.

The District Court does not need to explicitly discuss and make "findings as to each [18 U.S.C. § 3553(a)] factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007) (citation omitted). The sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (citation and internal quotation marks omitted).

4

The District Court meaningfully considered the § 3553(a) factors and explained why it rejected Turan's request for a lesser sentence. Accordingly, we find that Turan's sentence is not procedurally unreasonable. The District Court acknowledged that Turan did not have a criminal record but concluded that Turan's offense was "serious." (App. at 41.) The Court balanced Turan's personal life, which it described as "favorable," with the seriousness of the offense. (*Id.*) Because Turan recruited Rebovich and Christilaw, advised them, and provided them with "false material" used to accomplish the offenses, the Court concluded that Turan played a more significant role in the violations and did not deserve a further sentence reduction. (*Id.* at 40.) In light of the serious nature of the offense, the Court gave particular attention to the need to protect the public from further crimes on Turan's part. While the Court did not explicitly make findings as to all of the § 3553(a) factors, its thorough analysis of the facts of Turan's case indicates that it took the 18 U.S.C. § 3553(a) factors into account and had a reasoned basis for exercising its discretion.

Turan's sentence is also substantively reasonable. To determine whether a sentence is substantively reasonable, we take into account "the totality of the circumstances" and give "due deference to the district court's determination that the § 3553(a) factors, on a whole, justify the sentence." *Tomko*, at 567-68 (citation and internal quotation marks omitted). Thus, when the sentence is "within the broad range of possible

5

sentences that can be considered reasonable in light of the 18 U.S.C. § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Here, the sentencing court considered the nature and circumstances of Turan's offense, his history and characteristics, the kinds of sentences available, and the possibility of sentencing disparities. It found especially probative the seriousness of the offense and Turan's role in relation to his co-conspirators. Thus, the District Court adequately considered the 18 U.S.C. § 3553(a) factors and imposed a procedurally and substantively reasonable sentence.

## III.

For the foregoing reasons, we affirm the District Court's judgment.